No. 19,606.

JOHN WHALEN, as Trustee, etc., *Appellee*, v. J. R. WOLFORD, and S. C. WOLFORD, *Appellants*, et al.

SYLLABUS BY THE COURT.

SALE OF LAND—*Lien for Purchase Money—Purchaser Adjudged a Bankrupt—Lien Not Affected.* A father contracted to convey to his son a tract of land for five thousand dollars, crediting one thousand dollars thereof as a gift, the remainder to be paid in five equal annual payments with six per cent per annum. Afterwards, before paying any part of the four thousand dollars, the son, on his own petition, was adjudged a bankrupt. In an action by his trustee to quiet his title to the land as against the father the latter was entitled to a lien for the four thousand dollars and interest, and was not precluded therefrom by reason of having filed no claim with the trustee.

Appeal from Lincoln district court; DALLAS GROVER, judge. Opinion filed July 10, 1915. Modified.

*David Ritchie* and *G. A. Spencer*, both of Salina, for the appellants.

*T. L. Bond*, of Salina, and *C. S. Crawford*, of Abilene, for the appellee.

The opinion of the court was delivered by

WEST, J.: S. C. Wolford, in July, 1911, filed a voluntary petition in bankruptcy and was duly adjudicated a bankrupt. It appears that some two years before this time his father, who gave to each of his other children a thousand dollars, entered into a contract to convey to S. C. Wolford a quarter section of land for five thousand dollars, crediting him on this contract with the sum of one thousand dollars, leaving a balance of four thousand dollars to be paid in five annual equal installments with interest at six per cent. The bankrupt did not schedule this land or contract as any part of his assets, neither did the father file any claim against the trustee for the four thousand dollars. The trustee brought this suit to quiet his title as against the father, J. R. Wolford, to the land in question on the theory that belonging to the bankrupt it passed to him by the proceedings.

The father and son both testified that the contract was annulled and surrendered up long before the petition in bank-

ruptcy was filed, but two other witnesses related conversations with the son in which a short time before filing his petition he claimed to own the land and agreed to secure certain debts therewith, and the court concluded that the son was the owner of the land which was charged with the four thousand dollars and ordered it sold subject thereto. The jury found that the father and son did not agree to cancel and annul the contract; that the agreement was not surrendered and that the possession of the land was not surrendered by the son to the father, although both of them testified directly contrary to each of these findings.

It appears to have been the theory of the jury and the trial court that no such surrender or annulment was had in good faith, but that if any was attempted it was for the purpose of withholding the land from the bankrupt's creditors. It is contended that the decision was in this respect wrong; that in addition to the four-thousand-dollar lien on the land the father is entitled to a lien for six per cent interest from the time the contract was made, and for a further lien for eleven hundred dollars advanced to the son which it is claimed was upon condition that the contract be surrendered.

The findings of the jury and the result indicate that considerable of the testimony introduced was not believed, and under all the circumstances shown the way does not seem clear to disturb such findings and result. No reason is apparent why the eleven hundred dollars should be made a lien upon the land, but on the contrary no reason appears why the four thousand dollars should not draw interest as claimed by the defendant. The legal title was in J. R. Wolford all along, and if this is to be taken from him upon securing the four thousand dollars which the son was to pay for the land the agreed interest should also be secured, for the trustee can not justly ask for a greater interest in the land than the bankrupt had, and there was no duty resting upon the record holder of the legal title to file with the trustee his claim for the sum required to be paid to divest him of such title.

It is argued that J. R. Wolford is estopped by reason of permitting his son to use the land as a basis of credit. But if such use was made by the son no creditor who took notice of the record could be deceived any more than if he had found recorded a mortgage for four thousand dollars and interest

payable to J. R. Wolford, for certainly a vendor who retains the full legal title as security is in as good a position as one who transfers it and takes back a mortgage, and record notice of the former is as good to a creditor as record notice of the latter.

The cause is remanded with directions to modify the judgment by adding interest as indicated herein.